IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LANDSOURCE COMMUNITIES DEVELOPMENT LLC, et al.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-11111 (KJC)<br>(Jointly Administered) |
| LANDSOURCE CREDITOR LITIGATION LIQUIDATING TRUST, BY AND THROUGH ITS LITIGATION TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>ENVIRON INTERNATIONAL CORPORATION,<br><br>Defendant. | Adv. Proc. No. 10-_____ (KJC) |

## COMPLAINT FOR AVOIDANCE
## AND RECOVERY OF PREFERENTIAL TRANSFERS

The LandSource Creditor Litigation Liquidating Trust (the "Trust"), by and through its Litigation Trustee ("Plaintiff" or the "Trust"), and as assignee of the rights of the above-captioned Debtors (the "Debtors"), for its complaint for Avoidance and Recovery of Preferential Transfers, alleges as follows:

---

[1] The Associated Debtors in these cases were: California Land Company; Friendswood Development Company, LLC; Kings Wood Development Company, L.C.; LandSource Communities Development LLC; LandSource Communities Development Sub LLC; LandSource Holding Company, LLC; Lennar Bressi Ranch Venture, LLC; Lennar Land Partners II; Lennar Mare Island, LLC; Lennar Moorpark, LLC; Lennar Stevenson Holdings, LLC.; LNR-Lennar Washington Square, LLC; LSC Associates, LLC; NWHL GP LLC; The Newhall Land and Farming Company (A California Limited Partnership); The Newhall Land and Farming Company; Southwest Communities Development LLC; Stevenson Ranch Venture LLC; Tournament Players Club at Valencia, LLC; Valencia Corporation; and Valencia Realty Company.

## The Parties

1. On June 8, 2008 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. On July 20, 2009, the Bankruptcy Court entered its order (the "Confirmation Order") confirming the *Second Amended Chapter 11 Joint Plans of Reorganization for Landsource Communities Development LLC and Each of Its Affiliated Debtors* (the "Plan"). The Plan became effective on July 31, 2009 (the "Effective Date").

3. Pursuant to the terms of the confirmed Plan and the Confirmation Order, on the Effective Date, all avoidance actions were assigned, transferred and conveyed to the Trust along with all rights and authority to pursue and recover on all avoidance actions under the Bankruptcy Code.

4. Pursuant to the Confirmation Order, as of the Effective Date, KDW Restructuring & Liquidation Services LLC was appointed Litigation Trustee of the Trust.

5. Defendant Environ International Corporation, a Virginia corporation (the "Defendant"), was, at all times material hereto, a vendor to or creditor of one or more of the Debtors.

## Jurisdiction and Venue

6. The Bankruptcy Court has jurisdiction over this matter under the Bankruptcy Code and pursuant to 28 U.S.C. § 157(a) and §1334(a).

7. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

8. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure and is a core proceeding under 28 U.S.C. §157(b).

### First Claim for Relief

**(Avoidance of Preferential Transfers -- 11 U.S.C. § 547)**

9. Plaintiff repeats and realleges the allegations in paragraphs 1 through 8 above, inclusive, as though fully set forth at length.

10. Within ninety days prior to the Petition Date, one or more of the Debtors made transfers to or for the benefit of Defendant in the total amount of $198,715.27, as more specifically described in Exhibit A attached hereto (the "Transfers") and incorporated herein by this reference.

11. The Transfers to Defendant were each on account of an antecedent debt owed by one or more of the Debtors to Defendant before the Transfers were made.

12. The Transfers were made while the Debtors were insolvent. Pursuant to 11 U.S.C. § 547(f), the Debtors are presumed to be insolvent during the 90 days preceding the filing of their petitions.

13. The Transfers to Defendant enabled Defendant to receive more than it would have received if the Debtors' chapter 11 cases were cases under chapter 7, the Transfers had not been made, and the Defendant received payment on the debt to the extent provided by Title 11 of the U.S. Code.

14. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

## Second Claim for Relief

### (For Recovery Of Property -- 11 U.S.C. § 550)

15. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 14 above, inclusive, as though fully set forth herein.

16. As alleged above, Plaintiff is entitled to avoid the Transfers under 11 U.S.C. § 547. As the Defendant is the initial transferee of the Transfers, Plaintiff is entitled to recover for the estate the proceeds or value of the Transfers under 11 U.S.C. § 550.

17. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 550 that the proceeds or value of the Transfers is recovered for the benefit of the estate.

**WHEREFORE,** Plaintiff prays for judgment as follows:

1. For a determination that the Transfers are avoidable as preferential transfers under Section 547 of the Bankruptcy Code, and that Plaintiff is entitled to recover the transfers or their value under Section 550 of the Bankruptcy Code;

2. For costs of suit incurred herein, including, without limitation, attorneys' fees;

3. For pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law; and

4. For such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: June 2, 2010 | PACHULSKI STANG ZIEHL & JONES LLP<br><br>/s/ Kathleen P. Makowski<br>Laura Davis Jones (Bar No. 2436)<br>Kathleen P. Makowski (Bar No. 3648)<br>Steven J. Kahn (CA Bar No. 076933)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier No. 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br>Email: ljones@pszjlaw.com<br>       kmakowski@pszjlaw.com<br>       skahn@pszjlaw.com<br><br>Counsel for Plaintiff, the LandSource Creditor Litigation Liquidating Trust, by and through its Litigation Trustee |